**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

ASHLEE WILDE,

Plaintiff,

v. No. 2:26-cv-02575-GJF

SHANNON HOLDENGRABER,
STACIE NEWTON,
SHAYLAH O'HARA,
SEAN FLEMING and
KAYLA ANDERSON,

Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint and Request for Injunction, Doc. 1, filed August 5, 2026 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 5, filed August 5, 2026 ("Short Form Application"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 7, filed August 21, 2026 ("Long Form Application").

**Order Granting Application to Proceed *In Forma Pauperis***

After the Court notified Plaintiff that her Short Form Application does not provide sufficient information for the Court to determine whether Plaintiff is unable to pay the fees, Plaintiff filed a Long Form Application. *See* Order to Cure Deficiency, Doc. 6, filed August 10, 2026 (ordering Plaintiff to file a Long Form Application).

The statute for proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $450.00; (ii) Plaintiff's income amount expected next month is $650.00; (iii) Plaintiff's monthly expenses total $1,283.00; (iv) Plaintiff has $60.00 in cash and $60.00 in a bank account; and (v) Plaintiff's minor daughter relies on Plaintiff for support.

The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit to that effect and because her monthly expenses exceed her monthly income. Because the Court is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form Application as moot.

**Order to Show Cause**

This case arises from alleged "stalking/harassment" of Plaintiff in California and New Mexico. Complaint at 3-4. The five Defendants reside in California. *See* Complaint at 2. Plaintiff states she hears "familiar voices" some of which she believes are the voices of some of the Defendants, she was subjected to a welfare check by police in T or C, New Mexico, her "wifi settings were being messed with remotely," her "employment [] app timecard punches are once again wrong & been edited," and she heard a "super loud sound almost resembling a strong power surge . . . as soon as I open doors it would stop finally found a way to decrease these voices/sounds, by turning off all electrical fans/ac." Complaint at 7-12. Plaintiff requests the following relief:

> Examine electrical power lines/outlets/volt. Especially such where a smart device can be manipulated to use as a speaker or camera. This includes smoke detectors, AC units, heating, GPS/Bluetooth in car, or on mobile devices . . . relief is impossible without prosecution.

Complaint at 5. Plaintiff asserts the basis for federal court jurisdiction is "Federal question." Complaint at 3.

The Court has identified the following deficiencies in the Complaint and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, the Complaint does not contain allegations supporting jurisdiction. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate

showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff filed her Complaint using the form "Complaint and Request for Injunction." Where the form directs plaintiffs to identify the basis for jurisdiction, Plaintiff checked the "Federal question" box. Complaint at 3. Where the form directs plaintiffs to list the specific statutes and/or provisions of the United States Constitution that are at issue in this case, Plaintiff wrote: "stalking/harassment cross state lines. Threats of violence lasting over 1 year." Complaint at 3. The Complaint does not identify the statutory or constitutional provisions under which Plaintiff's claims arise.

There is no properly alleged diversity jurisdiction. Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). The Complaint does not show that the amount in controversy exceeds $75,000.

Second, the Complaint fails to state a claim against each Defendant. "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). Other than a few statements that some of the voices Plaintiff heard sound like the voices of some of the Defendants, there are no allegations explaining what each Defendant did to Plaintiff and what specific legal right Plaintiff believes each Defendant violated.

Third, the Complaint fails to state a claim upon which relief can be granted. Plaintiff appears to assert claims pursuant to criminal statutes because she states "relief is impossible without prosecution" and refers to stalking and harassment across state lines and threats of violence. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Fourth, it appears the District of New Mexico is not the proper venue for this action. The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir. 2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

Each Defendant resides in California. There are no allegations showing that the acts and omissions giving rise to Plaintiff's claims occurred in the District of New Mexico. Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over the non-resident Defendants. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

If Plaintiff asserts the Court should not dismiss this case for the reasons stated above, Plaintiff must file an amended complaint containing sufficient allegations to remedy the deficiencies identified above. The amended complaint must also comply with the Federal and Local Rules of Civil Procedure. *See, for example*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 7, filed August 21, 2026, is **GRANTED.**

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 5, filed August 5, 2026, is **DENIED as moot.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**UNITED STATES MAGISTRATE JUDGE**