**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ASHLEE WILDE,

Plaintiff,

v. No. 2:26-cv-02575-MIS-GJF

SHANNON HOLDENGRABER,
STACIE NEWTON,
SHAYLAH O'HARA,
SEAN FLEMING and
KAYLA ANDERSON,

Defendants.

**ORDER OF DISMISSAL**

This case arises from alleged "stalking/harassment" of Plaintiff in California and New Mexico. Pl.'s Compl and Request for Inj. at 3-4, ECF No. 1 ("Complaint") (indicating Plaintiff now resides in New Mexico). The five Defendants reside in California. *See id.* at 2. Plaintiff, who is proceeding *pro se*, states she hears "familiar voices" some of which she believes are the voices of some of the Defendants, she was subjected to a welfare check by police in Truth or Consequences, New Mexico, her "wifi settings were being messed with remotely," her "employment [] app timecard punches are once again wrong & been edited," and she heard a "super loud sound almost resembling a strong power surge . . . as soon as I open doors it would stop finally found a way to decrease these voices/sounds, by turning off all electrical fans/ac." *Id.* at 7-12. Plaintiff requests the following relief:

> Examine electrical power lines/outlets/volt. Especially such where a smart device can be manipulated to use as a speaker or camera. This includes smoke detectors, AC units, heating, GPS/Bluetooth in car, or on mobile devices . . . relief is impossible without prosecution.

*Id.* at 5. Plaintiff asserts the basis for federal court jurisdiction is "Federal question." *Id.* at 3. Plaintiff also appears to assert claims pursuant to criminal statutes because she states "relief is impossible without prosecution" and refers to stalking and harassment across state lines and threats of violence. *Id.* at 3-5.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff of the following deficiencies in the Complaint:

(i) There is no properly alleged federal question jurisdiction because the Complaint does not allege that this action arises under the Constitution, laws, or treaties of the United States and there is no properly alleged diversity jurisdiction because the Complaint does not show that the amount in controversy exceeds $75,000.

(ii) The Complaint fails to state a claim against each Defendant because there are no allegations explaining what each Defendant did to Plaintiff and what specific legal right Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

(iii) The Complaint fails to state a claim for prosecution pursuant to criminal statutes because "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

(iv) It appears the District of New Mexico is not the proper venue for this action. Each Defendant resides in California. There are no allegations showing that the acts and omissions giving rise to Plaintiff's claims occurred in District of New Mexico. Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over the non-resident Defendants.

*See* Order to Show Cause at 3-6, ECF No. 8. Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause at 7 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause, file an amended complaint or otherwise respond to Judge Fouratt's Order to Show Cause by the September 16, 2026, deadline.

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain allegations supporting federal question or diversity jurisdiction, Plaintiff did not respond to Judge Fouratt's Order to Show Cause and Plaintiff did not file an amended complaint containing allegations that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of jurisdiction and because Plaintiff has not complied with Judge Fouratt's Order to show cause and to file an amended complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original);

Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE